PHELPS, Respondent, vs. MONROE, Appellant.

*November 13—December 4, 1917.*

*Real-estate brokers: Right to commissions: Trial: Findings by court
as to matters omitted from special verdict.*

1. Although a broker's commission upon an exchange of properties
   was to be paid to plaintiff by defendant only after the deeds upon
   the exchange were made and delivered, yet if, after plaintiff had
   fully performed on his part, the exchange of deeds was pre-
   vented by defendant's refusal or inability to give a deed convey-
   ing an unincumbered title, plaintiff is entitled to the commis-
   sion.
2. Findings upon matters as to which there was no request for the
   submission of questions in the special verdict may be made by
   the trial court, under sec. 2858*m*, Stats., and are as conclusive
   as if made by the jury.

APPEAL from a judgment of the circuit court for Grant
county: GEORGE CLEMENTSON, Circuit Judge.   *Affirmed.*

Action to recover a commission on an agency contract to
procure a purchaser for certain real estate.

The claim of the plaintiff was that defendant agreed to

pay him $100 per quarter-section on a half-section of land owned by the latter in North Dakota if he would find for the former a person who would trade therefor some income-paying property in the city of Madison, Wisconsin; that pursuant thereto he produced one, Patrick Clerkin, who was the owner of such property and with whom defendant made a satisfactory bargain to trade said Dakota land therefor, and that defendant and his wife duly delivered their deed pursuant to said bargain to said Clerkin whereby defendant became indebted to plaintiff in the sum of $200.

Defendant answered alleging that plaintiff was not his agent in the transaction referred to but was the agent of Clerkin.

There was evidence to the effect that by the procurement of plaintiff, defendant and Clerkin were brought together and made a contract in writing for an exchange of properties, each agreeing to convey to the other with full covenants of warranty; that defendant delivered to Clerkin a deed of his land pursuant to the contract except that it contained a reservation of mineral rights. There was further evidence to this effect: Clerkin refused to carry out the trade upon the ground that the land was misrepresented to him and because of the reservation in the deed. Defendant authorized plaintiff to commence an action in court as his agent to compel Clerkin to perform the contract on his part. Such an action was commenced accordingly, and, later, defendant without plaintiff's consent paid up the costs, withdrew the suit, and abandoned trying to enforce the contract. There was conflicting evidence as to the nature of the commission contract between plaintiff and defendant. The court submitted the case to the jury for a special verdict containing three questions. The following are such questions, in substance, and the answers thereto:

(1) Was the agreement between plaintiff and defendant that the latter would give the former a commission of $100

per quarter, if he would bring about a deal for his land that he would accept?  *A.*  No.

(2) Was the contract between plaintiff and defendant that if the former would find for the latter a buyer who would exchange other property for his Dakota land he would give plaintiff $100 a quarter after the deeds upon the exchange were made and delivered?  *A.*  Yes.

(3) Was it through any fault of the plaintiff that the contract for the exchange of properties was not carried out? *A.*  Yes.

Upon the coming in of the verdict the court changed the answer to the third question from "Yes" to "No" upon the ground that upon the undisputed evidence plaintiff earned his commission and was prevented from recovering it strictly in accordance with the terms of the contract as it was found by the jury by the practical refusal of defendant to carry out the contract entered into between him and Clerkin.

Upon the verdict as so corrected judgment was rendered in favor of plaintiff for $234.57 damages and costs.

*F. K. Shuttleworth* of Madison, for the appellant.

For the respondent there was a brief by *Gettle & Torge* of Madison, and oral argument by *L. E. Gettle.*

MARSHALL, J.  Several matters are referred to in the briefs of counsel which we do not deem necessary to discuss. As indicated in the statement, the consummation of the commission contract called for an exchange of deeds.  It provides that the commission should be paid after the deeds upon the exchange of property were made and delivered. That obviously called for a deed on appellant's part conveying an unincumbered title to his property.  The evidence is undisputed that he did not do that and was unable to do so.

Why the court submitted the third question is not perceived.  There was no evidence nor claim that the contract with Clerkin was not carried out through the fault of respondent.  Therefore the court very properly changed the

answer to the contrary in accordance with the evidence. If the exchange of deeds was prevented through the fault of appellant, respondent having fully performed, then the want of such exchange was no defense to respondent's claim. That seems too clear to require discussion. Whether appellant was guilty of such fault and whether Clerkin waived it by accepting the defective deed, might well have been submitted to the jury. No request was made for such submission of either such matters, and they were found by the court in favor of respondent, which it was competent to do under sec. 2858m, Stats. The findings in respect to such matters are as conclusive as if they had been made by the jury. In that situation it seems clear that respondent was entitled to judgment, having done everything he was required to do. Appellant could not legally or morally shield himself from liability for the agreed commission by pleading or proving, or having proved, his own delinquency.

It has been suggested that since the exchange of deeds was made a prerequisite to payment of the commission, it makes no difference why such exchange was prevented. That does not seem sound. By necessary inference, since appellant agreed to give a perfect title, it must be that the understanding between him and respondent was that he could and would do so and not induce respondent to perform on his part and then claim a failure to earn the commission by reason of his own fault.

*By the Court.*—The judgment is affirmed.